**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GUADALUPE MALDNOADO, | ) | 1:10-cv-02401 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | FOR FAILURE TO STATE A CLAIM |
| v. | ) | UPON WHICH RELIEF COULD BE |
| | ) | GRANTED |
| | ) | |
| JAMES HARTLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 9, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

### A.  Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against correctional officials employed by the CDCR at Avenal State Prison.  Plaintiff names the following individual defendants:  Warden James Hartley; Institutional Gang Investigator (IGI) R. Clayton; IGI R. Reifschneider; Correctional Counselor J. Hill.  Plaintiff also names D. Jakabosky, Special Agent at the Special Services Unit in Sacramento, Appeals Examiner R. Davis and Chief of Inmate Appeals R. Manuel .

Plaintiff's allegations claim stem from his validation as a gang member.   Plaintiff claims that his First and Fourteenth Amendment rights were violated as a result of his improper validation as a member of a prison gang.

On April 15, 2009, Plaintiff was placed in Administrative Segregation  (AdSeg) pending the outcome of an investigation into his possible association with the Mexican Mafia.  On September 10, 2009, Plaintiff received copies of two source items that Defendant Clayton intended to submit to the Office of Correctional Safety in a validation package.   Plaintiff submitted a statement along with the validation package, "arguing my views regarding the two source items."  The two source items were a photograph and a statement from a confidential informant.  Plaintiff alleges that the photographs did not reveal anything that indicated gang activity.  Plaintiff alleges that nothing in the confidential informant's statement "even remotely alleges what, if any, gang activity plaintiff is alleged to be involved in and how the informant knew this."

Plaintiff attaches as exhibits to his complaint the inmate grievances he filed regarding his validation as a gang member, as well as a copy of an order regarding a petition for writ of habeas corpus filed by Plaintiff in the Kings County Superior Court challenging his validation.[1]
Plaintiff's Exhibit A, a copy of the Second Level Appeal Response, indicates the following:

> It is noted the gang validation packet included items substantiating
> the Mexican Mafia Associate included but not limited to a CDCR
> 128-B dated July 24, 2009 and Confidential Memorandum dated
> May 13, 2009.  The Confidential Information Disclosure Form
> (1030) dated September 10, 2009, authored by C/O R. Clayton
> provided the appellant with the appropriate information.  In

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

> addition it is noted on April 15, 2009 a search of the appellant's property was conducted and a red AT&T Samsung cell phone was found. During further inspection of the phone a series of photographs depicting the appellant and previously validated Mexican Mafia Associates were discovered, refer to CDCR 128-B dated July 24, 2009. Furthermore it is noted the Office of Correctional Safety (OCS) accepted the gang validation packet and approved validation of the appellant. The information resulting in the validation of the appellant as an associate of the Mexican Mafia EME Prison Gang complied with CCR Section 3378(c) (3).

The order on Plaintiff's habeas petition indicates the court ruled as follows:

> Petitioner was denied inactive status based upon two source items: (1) photographs taken between April 12, 2009 and April 13, 2009 of Petitioner and Inmate Manuel Leyva, and (2) confidential information obtained from an EME associate identifying Petitioner as a member of the "Mesa" and working on behalf of a validated member of the EME. The confidential information was found reliable as being corroborated through independent investigation, more than one source, and coming from a previously reliable informant. The photographs taken before Inmate Leyva's July 22, 2009 validation serve as appropriate source items toward Petitioner's validation because Inmate Leyva was validated within six months of their estimated date of origin. (Cal. Code of Regs., tit. 15, §3378(c)(8)(D)). In addition, the confidential information source item appears acceptable under California Code of Regulations, title 15, Section 3378, subdivision (c)(8)(H). Although Petitioner claims the same to be untrue, this court declines to engage in a reweighing of credibility determination.
>
> It appearing from the petition and the documents attached thereto that Respondent's determination was neither arbitrary, capricious, irrational, nor an abuse of discretion, IT IS HEREBY ORDERED, the petition is denied. (In re Furnace (2010)185 Cal. App. 4th 649, 659; People v. Duvall (1995) 9 Cal. 4th 464, 474).

Plaintiff alleges generally that his validation was not done in compliance with applicable law and regulations, as well as "the settlement agreement in Castillo v. Alameida, Case no. 94-2847 MJJ-JCS and state and federal laws governing this issue."

///

### B. First Amendment

The Supreme Court has long recognized that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948)(overruled on other grounds by McLeskey v. Zant, 499 U.S. 467 (1991); see also Pell v. Procunier, 417 U.S. 817, 822 (1974): Wolff v. McDonnell, 418 U.S. 539, 555 (1974). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977)(quoting Price, 334 U.S. at 285. While an inmate does retain First Amendment rights that are not inconsistent with his status as a prisoner, a regulation that impinges upon First Amendment rights is valid if it is reasonably related to a legitimate penological interest. Shaw v. Murphy, 532 U.S. 223, 229 (2001). While Plaintiff claims that his First Amendment rights have been infringed by validating him as a gang associate, preserving internal security is one of the most legitimate penological goals. Overton v. Bazzetta, 539 U.S. 126 (2003). Plaintiff's First Amendment claim should therefore be dismissed.

### C. Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kennan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996)(quoting Sandin, 515 U.S. at 484.

1. **<u>Gang Validation</u>**

    a. **<u>Validation Process</u>**

"It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003). To that end, California has developed procedures to identify and segregate gang members. <u>See</u> Cal.Code Regs., tit. 15 § 3378. To comply with due process, prison officials must provide the inmate with "some notice of the charges against him, and the opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. <u>Bruce</u>, 351 F.3d at 1287. Here, Plaintiff was notified of the charges against him, was informed of the evidence indicating his status as a gang member, and was given an opportunity to respond. That procedure satisfied due process. <u>Barnett v. Centoni</u>, 31 F.3d 813, 815 (1994).

Rather than verbally presenting his arguments, Plaintiff chose to present a rebuttal argument. While Plaintiff alleges that his rebuttal evidence showed that he was not a gang affiliate, it is equally plausible that due to the amount of evidence showing gang activity nothing set forth in the rebuttal was sufficient to overcome the totality of evidence supporting the conclusion that he was a gang associate. Further, as noted above, Plaintiff's exhibits included a finding from a state court that the evidence established Plaintiff's gang affiliation. Plaintiff received that procedure which was required under the Fourteenth Amendment. <u>Wilkinson</u>, 545 U.S. at 228-29. Thus, Plaintiff fails to state a cognizable claim based upon the hearing provided.

   b. **<u>Some Evidence</u>**

Plaintiff claims that the source items used to validate him as a Mexican Mafia member do not establish some evidence of current gang membership. In finding that Plaintiff was a gang

associate, prison officials relied on photographs of Plaintiff with validated gang members, as well as a statements supporting Plaintiff's affiliation with a prison gang.

California's decision to classify gang members for placement in SHU is not a disciplinary measure, but is designed to preserve order in the institution and protect inmates and is a matter of administrative discretion. <u>Bruce</u>, 351 F.3d at 1287. Therefore, the decision to place an inmate on indeterminate SHUstatus based on gang affiliation must be supported by "some evidence." <u>Id</u>. The evidence relied on must have some indicia of reliability. <u>Toussaint v. McCarthy</u>, 926 F.2d 800, 803 (9th Cir. 1990).

Under the "some evidence" standard "the relevant question is whether there is any evidence in the record to support the conclusion." <u>Bruce</u>, 351 F.3d at 1287 (quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985)). The "some evidence" standard sets a low bar consistent with the recognition that the assignment of inmates within the prison system is "essentially a matter of administrative discretion." <u>Bruce</u>, 351 F.3d at 1287. A single piece of evidence that has sufficient indicia of reliability can be sufficient to meet the "some evidence" standard. <u>Id.</u> at 1288. Federal law does not require that the evidence relied upon, the Court is not to substitute its judgment on matters such as this for the determinations of those charged with the formidable task of running a prison, <u>Zimmerlee v. Keeney</u>, 831 F.3d 183, 186 (9th Cir. 1987).

While Plaintiff states that there is no evidence that he is a gang affiliate, the Court is not to substitute its judgment for the determinations of those charged with the task of running the prison. <u>Zimmerlee</u>, 831 F.3d at 186. The Court finds that there was "some evidence" of Plaintiff's involvement in gang activity, and Plaintiff has failed to state a cognizable claim based on the evidence used to classify him as a gang associate.

///

### 2. Grievance Procedure

As to Defendants Hartley, Hill and Davis, the only conduct charged to them is their participation in the inmate grievance process. Plaintiff further indicates that his due process rights were violated because he was not given a fair hearing on his administrative appeal. There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495. Plaintiff's allegation that his administrative review was conducted by Defendant Garza fails to state a claim.

### D. Castillo v. Alameida

Plaintiff alleges that Defendants' conduct violated a settlement agreement entered in to by another court. To the extent that plaintiff wishes to seek assistance that he believes is due pursuant to a settlement or consent decree, plaintiff "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). This Court does not have jurisdiction over the settlement referred to by Plaintiff.

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from his validation as a prison gang affiliate. Plaintiff's allegations and exhibits submitted in support of the complaint indicate that Plaintiff was provided with the information validating him as a gang affiliate, and was given the opportunity to respond. The gravamen

Plaintiff's complaint is that he wishes this Court so substitute its judgment for the judgment of correctional officials.  As noted, this Court is not to substitute its judgment on matters such as this for the determinations of those charged with the formidable task of running a prison, Zimmerlee, 831 F.3d at 186.   Because the Court finds that this deficiency is not capable of being cured by amendment, the Court will dismiss this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

      Accordingly, IT IS HEREBY ORDERED that:

      1.  This action is dismissed with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

      2.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

      3.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

   Dated:   **March 20, 2013**                              **/s/ Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE